IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Fredy Sibrian, #338184,  ) | C/A No. 2:15-cv-2955-BHH-MGB |
| ) | |
| Petitioner,  ) | |
| v.  ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden, Perry Correctional Institution,  ) | |
| ) | |
| Respondent.  ) | |
| _____ ) | |

The Petitioner, a state prisoner appearing *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 14; *see also* Dkt. No. 13.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court. For the reasons stated herein, the undersigned recommends that the Respondent's Motion for Summary Judgment (Dkt. No. 14) be granted.

The Petitioner filed this habeas action on July 22, 2015. (Dkt. No. 1-2.) On November 11, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 14; *see also* Dkt. No. 13.) The same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 15.) On December 21, 2015, Petitioner filed his Opposition and Reply to the Respondent's Motion for Summary Judgment. (Dkt. No. 18.)

# **PROCEDURAL HISTORY**[1]

Petitioner Fredy Eduardo Sibrian is presently confined at the Perry Correctional Institution. In July 2008, the Spartanburg County Grand Jury indicted Petitioner on the charges of murder and possession of a firearm during the commission of a violent crime in a two-count indictment (No. 2008-GS-42-3693). (Dkt. No. 13-1 at 111-12.) Scott Robinson, Esquire, represented Petitioner as he pled guilty to each charge as indicted on November 30, 2009. Assistant Seventh Circuit Solicitor Derrick Bulsa appeared on behalf of the State. The Honorable John C. Hayes presided. (Dkt. No. 13-1 at 3.) An accredited interpreter was present to translate. (*Id.*)

As presented at the guilty plea, two women searching for scrap metal in a remote field off of I-85 came across the body of a Hispanic male bent backwards on his knees, with his head resting on the ground. The victim was identified as a Mr. Perez from Greensboro, North Carolina. The investigation into Mr. Perez's death revealed that he was traveling from Greensboro to Greenville, South Carolina on April 28, 2008, with Petitioner and a female. This female previously had a previous romantic relationship with Petitioner, but was living with the victim in Greensboro. (Dkt. No. 13-1 at 15-17.)

In April 2008, the female was visiting her hairdresser in Greenville and met up with Petitioner while she was there. Petitioner ended up riding back with the female to Greensboro. On the way, he learned of her relationship with the victim. The female, the victim, and Petitioner drove back from Greensboro to Greenville late the following night. (Dkt. No. 13-1 at 18-21.)

---

[1] The Petitioner "adopts the Respondent's procedural history" and cites to the first five pages of the Respondent's Memorandum of Law in Support of Summary Judgment. (Dkt. No. 18 at 1.) Therefore, the **PROCEDURAL HISTORY** section of this Report and Recommendation is copied *verbatim* from Respondent's Memorandum of Law in Support of Summary Judgment. (Dkt. No.13). For the convenience of the district court, all citations to the record in the **PROCEDURAL HISTORY** section cite directly to the appropriate source of the information in the record.

Sometime around midnight, Petitioner directed the female, who was driving, to leave the interstate and drive to the remote field where the victim was found. Petitioner twice shot the victim on the right side of his body. Neither shot was fatal. According to the female, the victim fled after being shot, but Petitioner "chased him down, caught him, and beat him about the head and the face multiple times." (*Id.* at 19.) Petitioner removed the victim's identification from his body. Petitioner later provided written statements "in his own hand describing the shooting and the beating." Petitioner informed law enforcement as to the whereabouts of the pistol, which matched the shell casings found at the scene. (*Id.* at 21-22.)

Judge Hayes sentenced Petitioner to thirty-five years [of] incarceration for murder and a concurrent five years [of] incarceration for possession of a weapon during the commission of a violent crime. He gave Petitioner credit for time served. (Dkt. No. 13-1 at 28.) Petitioner did not pursue direct appeal of conviction and sentence.

## Post-Conviction Relief

On October 14, 2010, Petitioner filed a *pro se* application for post-conviction relief (PCR), Affidavit, and a memorandum and other attachments in support. (Dkt. No. 13-1 at 31-53.) The Spartanburg County Clerk of Court assigned the PCR action case number 2010-CP-42-05484. (Dkt. No. 13-2.)

Within his application, Petitioner alleged that he [w]as being held in custody unlawfully for the following reasons:

(a) Actual Innocence
(b) Ineffective Assistance of Plea Counsel
    a. Plea counsel failed to arrange polygraph before advising to plea guilty
    b. Plea counsel failed to develope[sic] facts of 3rd party guilt before advising to plea
    c. Plea counsel ineffective for advising Applicant he would receive 0-30 for voluntary manslaughter
    d. Plea counsel failed to research or investigate case

> e. Plea counsel failed to take to trial and argue mere presence defense.
> (c) Involuntary Guilty Plea

(Dkt. No. 13-1 at 31-44.) Petitioner offered an alternative version of the facts of the case in support of his actual innocence assertion. (*Id*. at 39-43.) The State made its Return. Attachment (*Id.* at 54-58.)

Shawn Campbell, Esquire, represented Petitioner at a February 2, 2012, evidentiary hearing before the Honorable Frank R. Addy. Assistant Attorney General Suzanne White appeared on behalf of the State. (Dkt. No. 13-1 at 59.) Petitioner and Petitioner's former plea counsel testified. No exhibits were entered for either party. (*Id.* at 58.) A certified court interpreter again assisted Petitioner. (*Id.* at 62.)

Judge Addy dismissed Petitioner's application via Form 4 Order filed March 2, 2012. (Dkt. No. 13-3.) By formal Order filed May 2, 2012, Judge Addy enumerated his reasons for denying and dismissing the entirety of the application with prejudice. (Dkt. No. 13-1 at 101-110.) Petitioner's PCR counsel timely filed a notice of appeal. (Dkt. No. 13-4.) Robert Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, represented Petitioner on PCR appeal. (Dkt. No. 13-5.) He filed a *Johnson* Petition[2] for Writ of Certiorari which presented the following issue: "Whether plea counsel was ineffective in giving petitioner incorrect sentencing advice." (*Id*. at 4-5.) In conjunction with the *Johnson* Petition, counsel filed a petition to be relieved, citing that "[i]n his opinion seeking certiorari from the order of dismissal [was] without merit." (*Id*. at 7.)

Petitioner followed with a *pro se* response to his counsel's *Johnson* Petition, which raised the following two additional issues:

---

[2] The Supreme Court of South Carolina "has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California*, 386 U.S. 738 (1967), were followed." *Johnson v. State*, 364 S.E.2d 201, 201 (S.C. 1988).

> Whether petitioner's guilty plea was involuntarily entered[.]
> Whether petitioner was denied the right to effective assistance of counsel by counsel's failure to develope[sic] a third-party defense instead of advising the petitioner to plead guilty[.]

(Dkt. No. 13-6.)

The case thereafter transferred to the South Carolina Court of Appeals,[3] which denied the Petition for Writ of Certiorari and granted appellate counsel's petition to be relieved by Order filed January 27, 2015. (Dkt. No. 13-7.) That court issued its Remittitur on February 13, 2015. (Dkt. No. 13-8.) The Spartanburg County Clerk's Office filed the Remittitur on February 18, 2015. (Dkt. No. 13-2.)

## GROUNDS FOR HABEAS RELIEF

Petitioner filed the instant habeas petition (Dkt. No. 1) on July 22, 2015, wherein he raised the following ground for review (verbatim):

> **GROUND ONE**: Ineffective Assistance of Counsel
>
> **Supporting facts:** Plea counsel advised Petitioner he was pleading to a 0-30 year plea to the lesser included manslaughter. But the Plea Judge sentenced Petitioner to 35 years. Therefore counsel rendered ineffective assistance in giving Petitioner erroneous sentencing advice. Plea counsel further told Petitioner that if he went to trial he would receive a life sentence without parole.
>
> **GROUND TWO**: Actual Innocence
>
> **Supporting facts:** Petitioner from the onset raised the claim of actual innocence because his alleged codefendant, Patricia, was the one who actually killed the decedent. However, the PCR court found this issue to be waived because Petitioner entered a plea of guilty based on counsel's erroneous advice.

---

[3] S.C. Appellate Ct. R. 243(l) provides that "[t]he Supreme Court may transfer a case filed under this rule [governing certiorari review of post-conviction relief actions] to the Court of Appeals."

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### Habeas Standard of Review

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## DISCUSSION

The Petitioner filed his petition for habeas relief outside of the statute of limitations, and the Respondent is entitled to judgment as a matter of law. As noted above, this matter is before the Court upon Respondent's Motion for Summary Judgment (Dkt. No. 14; *see also* Dkt. No. 13.) Respondent contends, *inter alia*, that the instant habeas petition is barred by the statute of limitations. (Dkt. No. 13.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, a person "in custody pursuant to the judgment of a State court" and who seeks federal habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). Because the Petitioner did not seek review by the Supreme Court of the United States, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). The Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 654, 181 L. Ed. 2d 619 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be considered timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." *Id*. at 650.

The undersigned recommends granting Respondent's Motion for Summary Judgment because the instant petition is barred by the statute of limitations. Petitioner did not timely file

within the one-year limitations period in § 2244(d)(1)(A). Petitioner's conviction became final on December 10, 2009, ten days after his sentence, as he did not appeal his sentence. *See* Rule 203(b)(2), SCACR. The statute of limitations to file his petition began to run the day after his conviction became final and continued to run until he filed his PCR Application on October 14, 2010. (Dkt. No. 13-1 at 31.)  At the time he filed his PCR Application, 307 days had passed since his conviction had become final.

The statute of limitations was subject to tolling during the pendency of the Petitioner's PCR proceeding and appeal. By an order filed January 27, 2015, the South Carolina Court of Appeals denied the Petition for Writ of Certiorari. (Dkt. No. 13-7.)  The Court of Appeals issued a remittitur on February 13, 2015 (Dkt No. 13-8), which was filed by the Spartanburg County Clerk of Court on February 18, 2015. (Dkt. No. 13-2.)  Out of an abundance of caution, this court will allow the statute to be tolled through the filing of the remittitur.[4] The statute of limitations therefore began to run again on February 19, 2015, and ran until the Petitioner filed his Petition. Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), the Petitioner filed the instant Petition on July 22, 2015. (Dkt. No. 1-2.) Therefore, 153 days passed between the date that the remittitur was filed with the Richland County Clerk of Court and the date that Petitioner filed his Petitioner.  As of the filing of the Petition, 460 days had run against the one (1) year statute of limitations. The Petition was 95 days past the time allowed by the statute of limitations

The Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. "[E]quitable tolling is appropriate

---

[4] District Courts in South Carolina have routinely held that tolling ended when the Supreme Court of South Carolina denied the writ of certiorari. *See e.g. Smith v. Warden, Lieber Corr. Inst.*, No. 4:13-CV-3090-BHH, 2014 WL 5503529, at *6 (D.S.C. Oct. 30, 2014); *Lewis v. Cartledge*, No. 1:12-CV-2584-SB, 2014 WL 517469, at *8 (D.S.C. Feb. 6, 2014), *appeal dismissed,* 575 F. App'x 113 (4th Cir. 2014).

only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."*Bogan v. South Carolina*, 204 F. App'x 160, 160-61 (4th Cir. 2006).

The Petitioner argues that he is entitled to equitable tolling because he does not speak or read any English. (Dkt. No. 18 at 2-5.) If a petitioner was not aware of the statute of limitations, he is still not entitled to equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.") Similarly, courts in this district have held that "lack of proficiency in English is akin to *pro se* status or illiteracy, and does not constitute an 'extraordinary circumstance' for equitable tolling of the period of limitations." *Martinez v. Warden of Lieber Corr. Inst.*, No. 5:14-CV-1757 DCN, 2014 WL 5513456, at *9 (D.S.C. Oct. 30, 2014) (citing *Baltazar v. Warden, Ridge land Corr. Inst.,* No. 6:06-CV-2726-CMC-WMC, 2007 WL 2156594, at *6 (D.S.C. July 24, 2007); *Perez v. Ozmint,* No. 3:05-CV-3232-CMC-JRM, 2006 WL 783771 (D.S.C. March 27, 2006) (finding Petitioner assertion of a limited grasp of the English language did not amount to an "extraordinary circumstance" which would excuse delay); *United States v. Montano,* 398 F.3d 1276, 1280 n. 5 (11th Cir.2005) (finding petitioner's difficulty with English does not constitute extraordinary circumstances); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir.2002) (inability to read or write English is not in and of itself sufficient to toll the period of limitations)). Petitioner's inability to read or write the English language does not provide a basis for equitable tolling of the statute of limitations.

An untimely petition may still be heard if a petitioner alleges he is actually innocent of the charges against him and the "evidence of innocence [is] so strong that a court cannot have

confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).  A petitioner must make a "credible showing of actual innocence." *Id.* at 1931.  "More specifically, a petitioner must show that it is 'more likely than not that no reasonable juror would have convicted him in light of the new evidence' presented." *Adkins v. Cartledge*, No. 1:12-CV-3131-MGL, 2013 WL 4459529, at *3 (D.S.C. Aug. 16, 2013) (quoting *McQuiggin,* 133 S.Ct. at 1935); *see also Clark v. Clarke,* No. 14-6615, 2016 WL 2731848, at *6 (4th Cir. May 11, 2016).

In the case at bar, the Petitioner alleges that he is actually innocent of the crime and that his co-defendant committed the murder. (Dkt. No. 1 at 7.)  The Petitioner has not produced any newly discovered evidence.  The Petitioner merely asserts that he actually innocent and disallowing his Petition would be a "miscarriage of justice." (Dkt. No. 18 at 5.)  The Petitioner agreed during his guilty plea through an interpreter and under oath that he shot the victim twice and hit the victim in the face with the butt of the gun. (Dkt. No. 13-1 at 21-23.) The Petitioner further agreed that he understood his plea waived self-defense and any other defense to the crime. (*Id.* at 23.)  The Petitioner has not made a credible showing of actual innocence.  The Petitioner has failed to show that no reasonable juror would have convicted him in light of any new evidence and is not entitled to equitable tolling of the statute of limitations.  Therefore this court recommends that the Respondent's Motion for Summary Judgment (Dkt. No. 14) be granted.

## RECOMMENDATION

Accordingly, the undersigned magistrate judge **RECOMMENDS** that the Respondent's Motion for Summary Judgment (Dkt. No. 14) be **GRANTED.**

**IT IS SO RECOMMENDED.**

June 29, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).