IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Freddy Sibrian, #338184,              ) | |
|                                       ) | |
|           Petitioner,                 ) | |
|                                       ) | Civil Action No. 2:15-2955-BHH |
| v.                                    ) | |
|                                       ) | |
| Warden, Perry Correctional Institution, ) | **ORDER** |
|                                       ) | |
|           Respondent.                 ) | |
| _____) | |

This matter is before the Court on Freddy Sibrian's ("Sibrian" or "Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 16, 2015, Respondent filed a motion for summary judgment, to which Sibrian filed a response in opposition. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On June 29, 2016, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report"), finding that Petitioner failed to timely file the instant petition and recommending that the Court grant Respondent's motion for summary judgment. Petitioner filed written objections to the Report, and Respondent filed a reply to Petitioner's objections.

**STANDARDS OF REVIEW**

**I.      The Magistrate Judge's Report**

This Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion(s) of the Report to which the objection is made and the basis for the objection. *Id.* After a review of the record, including the Report and Petitioner's objections, the Court finds that the Magistrate Judge adequately and

accurately summarized the facts and applied the correct principles of law.

## II.    Legal Standard for Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

## I.    The AEDPA's Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable

          to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In South Carolina, pursuant to Rule 203(b)(2) of the South Carolina Appellate Court Rules, a defendant must file a notice of direct appeal within ten days of his conviction. Thus, if a defendant does not file a direct appeal, then his conviction becomes final ten days after the adjudication of guilt. On the other hand, if a defendant does file a direct appeal, and if his conviction is affirmed, then the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris v. Hutchinson*, 209 F.3d 325, 327-28, n.1 (4th Cir. 2000).

Additionally, § 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in state court habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time during which the United States Supreme Court considers a petition for certiorari, is tolled." *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001).

A state collateral proceeding must be "properly filed" for section 2244(d)(2) to apply.

"[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually proscribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

Here, as the Magistrate Judge noted, Petitioner's conviction became final on December 10, 2009, ten days after he was sentenced, as he did not file a direct appeal of his conviction and sentence. Thus, the statute of limitations began to run on December 11, 2009, and continued to run until Petitioner filed his post-conviction relief ("PCR") application on October 14, 2010. As of October 14, 2010, therefore, 307 days had elapsed.

The statute of limitations remained tolled during the pendency of Petitioner's PCR proceeding and appeal. By order filed January 27, 2015, the South Carolina Court of Appeals denied certiorari, and the Court of Appeals issued a remittitur on February 13, 2015. In her Report, the Magistrate Judge, out of an abundance of caution, allowed the statutory period to remain tolled until the filing of the remittitur. Thus, the Magistrate Judge determined that the statute of limitations began to run again on February 19, 2015. Because Petitioner did not file the instant petition until July 22, 2015, or 153 days after the filing of the remittitur, the Magistrate Judge found that 460 days ran against the one-year statute of limitations, resulting in the instant petition being filed 95 days too late.

Next, the Magistrate Judge considered whether Petitioner was entitled to equitable tolling. As the Magistrate Judge noted, a petitioner seeking equitable tolling generally bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that

4

some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418 (citation omitted). Thus, equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), *cert. denied*, 516 U.S. 832 (2004); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Ultimately, the Magistrate Judge rejected Petitioner's contention that he was entitled to equitable tolling because he did not speak or read English. (*See* ECF No. 19 at 10 (noting that courts have held that a lack of proficiency in English does not constitute an extraordinary circumstance for purposes of equitable tolling) (citations omitted).)

Finally, the Magistrate Judge considered whether Petitioner's claim of actual innocence entitled him to relief, noting that an untimely petition may still be heard if a petitioner alleges he is actually innocent and the "evidence of innocence [is] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (quoting *Schlup v. Deno*, 513 U.S. 298, 316 (1995)) (internal quotation marks omitted). Noting that Petitioner failed to produce any newly discovered evidence to show his actual innocence of the crime, and noting that Petitioner admitted under oath at his guilty plea that he shot the victim twice and hit the victim in the face with the butt of the gun, the Magistrate Judge determined that Petitioner failed to make a credible showing of actual innocence. Accordingly, the Magistrate Judge recommended that the Court grant Respondent's motion for summary judgment.

In his objections to the Magistrate Judge's Report, Petitioner does not object to the Magistrate Judge's determination that his petition was filed outside the one-year statute of

5

limitations. Instead, Petitioner again asserts that he is entitled to equitable tolling, and in support of his argument, he contends that "Perry Correctional Institution [has] suffered intense back-to-back lock downs without allowing inmates access to the law library or access to the prison law clerks to assist inmates with language barrier difficulties." (ECF 24 at 2.) Petitioner also objects to the Magistrate Judge's reliance on cases that have rejected equitable tolling under similar circumstances, asserting that his case is "extraordinary and distinguishable." (*Id.* at 3.) Lastly, Petitioner objects to the Magistrate Judge's conclusion that Petitioner failed to show actual innocence. (*Id.* at 4.)

After careful review, the Court agrees with the Magistrate Judge's analysis and finds Petitioner's objections to be without merit. First, the Court agrees with the Magistrate Judge that Petitioner failed to timely file the instant petition. Second, the Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate circumstances warranting equitable tolling. As the Fourth Circuit stated in *Harris v. Hutchinson*:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d at 330.

Here, the Court agrees with the Magistrate Judge that Petitioner's inability to read or speak English does not provide a sufficient basis to warrant equitable tolling. *See Martinez v. Warden of Lieber Corr. Inst.*, No. 5:14-CV-1757-DCN, 2014 WL 5513456, at *9 (D.S.C. Oct. 30, 2014) (citing *Baltazar v. Warden, Ridgeland Corr. Inst.*, No.

6

6:06-CV-2726-CMC-WMC, 2007 WL 2156594, at *6 (D.S.C. July 24, 2007); *Perez v. Ozmint*, No. 3:05-CV-3232-CMC-JRM, 2006 WL 783771 (D.S.C. March 27, 2006) (finding that the petitioner's limited grasp of the English language did not amount to an "extraordinary circumstance" which would excuse delay). Moreover, the Court does not believe that Petitioner's assertion of frequent lock-downs provides grounds for equitable tolling under the circumstances. As courts in the Fourth Circuit have held, "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing *Harris*, 209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for equitable tolling . . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." *Id.*; *see also United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004) (noting that ignorance of the law is not a basis for equitable tolling); *Jones v. South Carolina*, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original) (unpublished); *Jenkins v. Johnson*, 2009 WL 1923938 (E.D. Va. 2009) (stating that "delays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling") (citations omitted).

    Finally, the Court agrees with the Magistrate Judge that Petitioner's mere assertion of actual innocence, without any newly discovered evidence and in light of Petitioner's admissions at his guilty plea, is insufficient to warrant further review of this untimely

7

petition.

## CONCLUSION

Based on the foregoing, the Court hereby adopts the Magistrate Judge's Report (ECF No. 19) and incorporates it herein; overrules Petitioner's objections (ECF No. 24); and grants Respondent's motion for summary judgment (ECF No. 14).

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
Bruce Howe Hendricks
United States District Judge

September 20, 2016
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.